UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Gary Zachariah Thomas, | ) | Civil Action No. 8:12-3077-MGL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Ray Graham, Detective, in both individual and official capacity, | ) | **OPINION AND ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

     Plaintiff Gary Zachariah Thomas ("Plaintiff"), proceeding *pro se*, brought this action pursuant to 42 U.S.C. § 1983. (ECF No. 1.) In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Jacquelyn D. Austin for pretrial handling. This matter is now before the court upon the Magistrate Judge's Report and Recommendation filed on August 12, 2013, recommending this case be dismissed *with prejudice* pursuant to Rule 41(b) of the Federal Rules of Civil Procedure on the grounds that Plaintiff failed to prosecute the case, and failed to comply with this court's orders of May 30, 2013 (ECF No. 35) and July 11, 2013 (ECF No. 38) directing Plaintiff to respond to Defendant's Motion for Summary Judgment. (ECF No. 41.)

     More specifically, when Plaintiff failed to respond to Defendant's Motion for Summary Judgment filed on May 24, 2013 (ECF No. 34), the Magistrate Judge entered an order giving Plaintiff until July 11, 2013 to respond to the Motion for Summary Judgment and again notified Plaintiff that this case could be subject to dismissal for failure to prosecute. (ECF No. 38.) Plaintiff failed to respond to the order to provide a response to the Motion for Summary Judgment.

     The Magistrate Judge makes only a recommendation to this court. The recommendation has

no presumptive weight. The responsibility for making a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court may accept, reject, or modify, in whole or in part, the Report and Recommendation or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made. Plaintiff was advised of his right to file objections to the Report and Recommendation. (ECF No. 41-1.) However, he has not done so and objections were due on August 29, 2013. In the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir.2005).

After a careful review of the record, the applicable law, and the Report and Recommendation, the court finds the Magistrate Judge's recommendation to be proper. Accordingly, the Report and Recommendation is incorporated herein by reference and this action is DISMISSED with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

/s/Mary G. Lewis
United States District Judge

Spartanburg, South Carolina
October 22, 2013